UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

Eastern District of Kentucky
**F I L E D**

NOV 2 1 2012

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| **GARY MILLER**<br>702 Beaver Park,<br>Versailles, Kentucky 40383 | : | **Case No.** 12-CV-346 |
| | : | |
| Plaintiff, | : | |
| | : | |
| **v.** | : | **Judge** _____ |
| | : | |
| **LAMAR CONSTRUCTION CO.**<br>212 Tierney Way<br>Winchester, Kentucky 40391 | : | **COLLECTIVE AND CLASS ACTION**<br>**VERIFIED COMPLAINT** |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| **CARL BLAUWKAMP**<br>13 Carousel Lane<br>Holland, Michigan 49423 | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| **DEFENDANT DOE 1**<br>**UNKNOWN BONDING COMPANY** | : | |
| | : | |
| Defendant. | | |

Now comes Plaintiff Gary Miller, by and through counsel, on behalf of himself and all

similarly-situated individuals, including those individuals who have, and will join this case as

Party Plaintiffs, for their Complaint against Lamar Construction Company and Carl Blauwkamp

(hereinafter collectively referred to as "Employer Defendants" and/or "Lamar Construction"

and/or "Blauwkamp") and states as follows:

## PRELIMINARY STATEMENT

Plaintiff Gary Miller, on behalf of himself and all similarly-situated individuals, brings this action pursuant to 29 U.S.C. § 216 (b), as a representative action and pursuant to Fed. R. Civ. P. 23(b) as a class action, against the Employer Defendants seeking appropriate monetary and declaratory relief based on the Employer Defendants' willful failure to compensate employees with sufficient overtime pay as required under the Federal Labor Standards Act of 1939 ("FLSA"), 29 U.S.C. §§ 201, et seq. and Kentucky Overtime Law, K.R.S. § 337.285. Plaintiff on behalf of himself seeks appropriate relief for Defendants' failure to pay prevailing wages under K.R.S. §§ 337.530, 337.540, 337.060, 337.700 and failure to provide paid rest break periods under K.R.S. §§ 337.355, 337.365, and 446.070.

Plaintiff's claims under the FLSA and Kentucky Overtime Law allege that the Employer Defendants incorrectly calculated his overtime wages by not applying the correct wage rate to all of his overtime hours, resulting in an average weekly underpayment of at least $55.00, or **$2,750.00** per year. Plaintiff's claims under Kentucky Prevailing Wage law allege that the Employer Defendant's regularly paid the incorrect wage rate and, more importantly, failed to pay Plaintiff for all hours worked, resulting in an average underpayment of at least $475.00 per week, or **$23,750.00** per year. Finally, Plaintiff's claims under the Kentucky Paid Rest Break law allege that the Employer Defendants failed to provide a paid ten minute rest-break for every 4 hours of work, as required. Plaintiff was denied these rest breaks at least 315 times per year, resulting in actual damages of approximately **$1,310.40** per year.

Plaintiff's allegations as to his own acts are based on personal knowledge and other allegations are made on information and belief.

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.  Jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

2.      This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

4.      Defendant Lamar Construction does business in this district and Defendant Carl Blauwkamp is the President/CEO and principal owner of Defendant Lamar Construction.

5.      Plaintiffs labored for Defendants within this district and a substantial part of the events or omissions giving rise to the claim occurred within this district.

## PARTIES

6.      Plaintiff Gary Miller is an individual residing at 702 Beaver Park, Versailles, Woodford County, Kentucky 40383.  From on or about September 1, 2010 until March 1, 2012, Plaintiff Miller was employed by Defendants as a Class I Operator Engineer to operate a 50 ton Grove Crane with 151 feet of boom crane for Employer Defendants at various job sites in the commonwealth of Kentucky.

7.     Plaintiff Miller brings this collective and class action on his own behalf and on behalf of all employees similarly situated who were employed by Defendants to perform various duties assisting in the erection of buildings and providing construction services for Defendant Lamar Construction Company.  Miller has given his written consent to bring this action to collect unpaid overtime wages under the FLSA.  (A Notice of Consent is filed as Exhibit one to this Complaint.)

8.     Throughout this Complaint, Plaintiff Miller is referred to as "Plaintiff" except where otherwise indicated.

9.     During all relevant times, Plaintiff was an employee covered by the FLSA,  within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.     Defendant Lamar Construction Company is a Michigan corporation doing business throughout the United States, including Kentucky with a regional office in Winchester, Clark County, which is in this judicial district.

11.     Defendant Carl Blauwkamp is the CEO and owner or co-owner of Defendant Lamar Construction Company and has operational control over significant aspects of the company's day-to-day functions.

12.     From at least August 21, 2009, Defendant Lamar Construction was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.     From at least August 21, 2009, Defendant Lamar Construction was and is an enterprise regularly engaged in interstate commerce within the meaning of Sections 3(r) and 3(s)(1) of the FLSA,  29 U.S.C. §§ 203(r) and 203(s)(1).

14.     From at least August 21, 2009, Defendant Carl Blauwkamp was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 230(d).

15.    Defendant Doe 1, Unknown Bonding Company, holds a performance bond or bonds on public works projects of Defendant Lamar Construction which ensures compliance with applicable building codes, standards and prevailing wage laws.  Should Defendants Lamar Construction or Carl Blauwkamp fail or be unable to satisfy the debt to the Plaintiff or the Putative Class members, the bond guarantees satisfaction to Plaintiff or Plaintiffs as, among other things, intended third party beneficiaries of the bond instrument.

### FAILURE TO KEEP ADEQUATE RECORDS OF HOURS WORKED

16.    Defendants willfully failed to maintain accurate records of all hours worked by Plaintiff as required by the Fair Labor Standards Act and Kentucky Revised Statutes § 337.320.

17.    Defendants' failure to keep accurate records under the Fair Labor Standards Act and K.R.S. § 337.220 should (a) shift the burden to the Employer Defendants to show that Plaintiff Miller's recollections and records of hours he worked is not accurate; (b) be considered evidence of Defendants' willfulness in violating the Fair Labor Standards Act and KRS Chapter 337; and (c) foreclose any good-faith defense raised by the Defendants.

### FACTS

#### A. Defendant Lamar Construction's Operations

18.    Defendant Lamar Construction is a commercial construction services provider. Lamar provides comprehensive construction services including "design-build" services, general contracting, steel and precast erection, development services, facility management and custom cabinetry.

5

19.     Defendant Lamar Construction maintains an office building located at 212 Tierney Way, Winchester, Kentucky. Lamar Construction also has offices in Colorado and Michigan, where it is headquartered at 4404 Central Parkways, Hudsonville, Michigan, 49426.

20.     Defendant Lamar Construction Company provides construction services on various publicly funded public works jobs in the commonwealth of Kentucky, including the construction of numerous county courthouses throughout Kentucky.

21.     Defendant Lamar Construction employs residents of Ohio, Kentucky, Indiana, and Michigan to perform work in various locations within Ohio, Kentucky, Indiana, and Michigan.

22.     Defendant Lamar Construction administers payroll for its employees working in Ohio, Kentucky, Indiana, and Michigan from its offices in Hudsonville, Michigan.

23.     Defendant Lamar Construction employs Kentucky residents living in various parts of the state and assigns those employees to perform construction services throughout the state.

### B.     Failure to Pay Overtime Compensation

24.     Plaintiff Gary Miller is an individual residing at 702 Beaver Park, Versailles, Kentucky 40383. From on or about September 1, 2010 until March 1, 2012, Plaintiff Miller was employed by Defendants as a Class A-I operator engineer to operate a Grove Crane with 151 feet of boom crane at various job sites in the commonwealth of Kentucky.

25.     While employed by Defendants Miller was paid at various hourly rates. For example, during the pay period beginning March 20, 2011 and ending April 2, 2011 Miller was paid $7.40, $34.15 and $35.60, as well as two distinct overtime rates of $11.10 and $47.20. Miller's paystub for this pay period is attached to this Complaint as Exhibit two.

6

26.     For the pay period beginning March 20, 2011 and ending April 2, 2011 the $7.40 hourly rate was paid for travel time; a second rate of $34.15 was payment for work performed on a public works job in Allen County, Kentucky; and a third rate of $35.60 was payment for prevailing wage work performed in Todd County, Kentucky.  The rates of $34.15 and $35.60 per hour applied to work performed under a contract on a public works job governed by Kentucky's prevailing wage statutes, i.e., K.R.S.  §§ 337.505 to 337.550.

27.     For the pay period beginning March 20, 2011 and ending April 2, 2011 the $7.40 rate compensates Miller for travel time hauling equipment and has a corresponding overtime or time-and-one-half wage rate of $11.10.  The Defendant paid Miller a corresponding overtime rate for the overtime hours spent performing prevailing wage work was $47.20 for pay period of March 20, 2011 to April 2, 2011.

28.     Regarding administration of overtime, the Lamar Construction Company's Handbook provides that "hourly and non-exempt salaried employees will be paid at one-and-a-half-times their regular rate for hours worked in excess of forty (40) hours in a workweek."

29.     The overtime rate of $47.20 paid to Miller by Defendants during the pay period beginning March 20, 2011 and ending April 2, 2011 was derived by calculating the weighted average of the various regular wage rates paid during the pay period or workweek:  $7.40, $34.15, and $35.60.

30.     The weighted average was not applied to all overtime hours worked, or regarded as worked, in the sample pay period or workweek.

31.     The Employer Defendants' failure to apply the weighted average of $42.70 to all of Miller's hours worked, or regarded as worked in excess of forty in one work week, was caused by a company-wide overtime compensation policy or practice.

32.     The Employer Defendants' inclusion of Miller's travel time pay rate of $7.40 per hour in its determination of his regular rate for purposes of calculating Miller's overtime compensation rate was caused by a company-wide overtime compensation policy or practice.

33.     Under the FLSA an employee must be paid a rate of one and one half times his regular rate for all hours in excess of forty performed in any one workweek.  29 U.S.C. § 207(a)(1).

34.     Where an employee in a single week works at two or more different types of work for which different pay rates have been established, the employee's regular rate is calculated as the weighted average of the different rates. 29 C.F.R. § 778.115.[1] This average is obtained by taking the employee's total earnings—minus any amounts that are excludable from the regular rate—and dividing by the total number of hours worked.

35.     Miller's overtime pay was not calculated by establishing a weighted average of his different rates and applying that weighted average to all hours worked, or regarded as worked, in excess forty in a workweek; this practice violated the Fair Labor Standards Act.

36.     Defendants were aware of the violation.

37.     Miller never entered into an agreement with Employer Defendants to be paid overtime wages using separate, basic rates of pay.

38.     Employer Defendants maintain an employee handbook, which states: "Policies set forth in handbook are not intended to create a contract or are they to be construed to constitute contractual obligations of any kind or a contract of employment between Lamar Construction and any of its employees."

---

[1]  29 C.F.R. § 778.115: "Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs."

39.     Miller's work for the Employer Defendants is not governed by a collective bargaining agreement.

### C.     Failure to Pay Prevailing Wages on State Funded Public Works

40.     Defendant Lamar Construction was the successful bidder on dozens of public works projects throughout the commonwealth of Kentucky between 2010 and 2012, which were governed by the prevailing wage laws set forth in K.R.S.  §§ 337.505 to 337.550.

41.     K.R.S.  § 337.505 defines the prevailing wage to include a base wage rate, determined by the state Commissioner of Workplace Standards, which is to be paid as cash wages, and an additional amount per hour equal to the hourly rate of contribution irrevocably made or to be made by an employer on behalf of employees within each classification of construction.

42.     Plaintiff Miller performed work in for the Employer Defendants on public works projects throughout the Commonwealth of Kentucky as a Class A Operating Engineer, operating a crane with at least 150 feet of boom.

43.     Miller regularly worked hours in a workweek for which he was not paid, despite submitting signed hourly reports of his hours.

44.     For example, Miller worked **ten** hours on Tuesday March 22, 2012 in Allen County performing work for Defendants in furtherance of Defendants' contract to perform construction services on a public works job.  Miller worked two and one half hours driving equipment to or from the job site.  Miller's signed time sheet reporting hours worked during the workweek of March 20, 2011 to March 26, 2011 is attached as Exhibit three.

45.     On Wednesday March 23, 2011 Miller worked **14** hours in Todd County performing work for Defendants in furtherance of Defendants' contract to perform construction services on a public works job.

46.     On Thursday March 24, 2011 Miller worked **12** hours in Todd County performing work for Defendants in furtherance of Defendants' contract to perform construction services on a public works job.

47.     On Friday March 25, 2011 Miller worked **eight** hours for Defendants in furtherance of Defendants' contract to perform construction services on a public works job and three and one half hours driving equipment to or from the job site.

48.     Miller performed **44** hours of work on prevailing wage jobs during the workweek reported in Exhibit three.

49.     In the following workweek, on Monday, March 28, 2011 Miller worked a **12** hour days in Allen County performing work for Defendants in furtherance of Defendants' contract to perform construction services on a public works job and three and one half hours driving equipment to the job site.

50.     On Tuesday, March 29, 2011, Wednesday, March 30, 2011 and Thursday, March 31, 2011, Miller worked **12** hour days in Allen County performing work for Defendants pursuant to Defendants' contract to perform construction services on a public works job.

51.     On Friday, April 1, 2011 Miller worked a **12** hour day at the public works job site for Defendants in Letcher County and then worked a **seven** hour day at the same public works job site on Saturday, April 1, 2011.

52.     Miller's signed time sheets reporting hours worked during the workweek of March 27, 2011 to April 2, 2011 are attached as Exhibit four.

53.    Miller performed **62** hours of work on prevailing wage jobs during the workweek reported in Exhibit four.

54.    The total of **106** hours performed by Miller on prevailing wage jobs for the workweeks reported in Exhibits three and four differs significantly from the **44** hours of prevailing wage time actually paid to Miller by Employer Defendant's with the paycheck for these workweeks, which is included here as Exhibit two.

55.    The total number of work hours for non-prevailing work performed during the same two workweeks was **nine and one half**, but the Employer Defendants only paid Miller for **six** hours' worth of non-prevailing wage time, as reported on the paystub in Exhibit two.

56.    As provided by K.R.S. § 337.505(2) an employer working on a public works project governed by prevailing wage laws must pay "an additional amount per hour [for] fringe benefits. . . provided, said additional amount may, at the discretion of the employer, be paid either in cash to the employee or by contributions for fringe benefits, or partly in cash and partly by such contributions, it being the intention of this subsection to recognize fringe benefits as a part of the prevailing wage rate where made in accordance with this subsection."

57.    When paying a portion of the fringe benefits as cash, the employer must pay the additional cash portion "an additional amount per hour", i.e., for all hours worked, including overtime hours - hours in excess of 8 in a day or in excess of forty in a workweek.[2]

58.    With regard to overtime hours in the sample pay period (Exhibit two), or at any other time, Employer Defendants neither provided Miller with the fringe benefits as specified by K.R.S. § 337.505 nor paid Miller the cash equivalent for those working hours.

---

[2] See, 803 KAR 1:085. Fringe Benefits. Section 8. Overtime Payments: "The law includes amounts paid by an employer for fringe benefits in the computation of overtime under KRS 337.540(3).

59. Miller did not enter into any separate agreement with the Employer Defendants regarding his wages and hours for work performed on a public works job.

60. Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects in Clark County, Kentucky in the years 2010 to 2011.

61. Plaintiff Miller performed work in County Clark as a Class A Operating Engineer on a public works project for Defendant Lamar Construction. Miller operated a crane with at least 150 feet of boom.

62. The prevailing wage for Class A Operating Engineer such as Plaintiff Miller was twenty-seven dollars and thirty cents ($27.30) as the base rate with an additional thirteen dollars ($13.00) that could be paid as fringe benefits under K.R.S. § 337.505(2).

63. Miller was not paid the prevailing wages for work performed for Defendants on public works in Clark County.

64. Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects the County of Fayette, Kentucky.

65. Plaintiff Miller performed work in Fayette County as a Class A Operating Engineer on a public works project for Defendant Lamar Construction. Miller operated a crane with at least 150 feet of boom.

66. The prevailing wage for operating engineers operating a crane with a 150 foot boom for public works projects in the Fayette County during the pendency of Defendant's performance under a contract with a public authority was twenty-six dollars and fifty-five cents

($26.65) as the base rate with an additional thirteen dollars ($13.00) that could be paid as fringe benefits under K.R.S. § 337.505(2).

67.     Miller was not paid the prevailing wages for work performed in Fayette County in violation of KRS 337.

68.     Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects in Pike County, Kentucky in the years 2010 to 2011.

69.     Plaintiff Miller performed work in Pike County as a Class A Operating Engineer on a public works project for Defendant Lamar Construction.  Miller operated a crane with at least 150 feet of boom.

70.     The prevailing wage in Pike County for Class A Operating Engineer such as Plaintiff Miller was twenty-nine dollars and twenty-one cents ($29.21) as the base rate with an additional thirteen dollars and twelve cents ($13.12) that could be paid as fringe benefits under K.R.S. § 337.505(2).

71.     Miller was not paid the prevailing wages for work performed for Defendants on public works in Pike County in violation of KRS 337.

72.     Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects in Allen County, Kentucky in the years 2010 to 2011.

73.     Plaintiff Miller performed work in Allen County as a Class A Operating Engineer on a public works project for Defendant Lamar Construction.  Miller operated a crane with at least 150 feet of boom.

13

74.    The prevailing wage for Class A Operating Engineer such as Plaintiff Miller was twenty-seven dollars and sixty-five cents ($27.65) as the base rate with an additional thirteen dollars ($13.00) that could be paid as fringe benefits under K.R.S. § 337.505(2).

75.    Miller was not paid the prevailing wages for work performed for Defendants on public works in Allen County in violation of KRS 337.

76.    Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects in Todd County, Kentucky in the years 2010 to 2011.

77.    Plaintiff Miller performed work in Todd County as a Class A Operating Engineer on a public works project for Defendant Lamar Construction.  Miller operated a crane with at least 150 feet of boom.

78.    The prevailing wage in Todd County for Class A Operating Engineer such as Plaintiff Miller was twenty-seven dollars and seventy-five cents ($27.75) as the base rate with an additional thirteen dollars ($13.00) that could be paid as fringe benefits under K.R.S. §337.505(2).

79.    Miller was not paid the prevailing wages for work performed for Defendants on public works in Todd County in violation of KRS 337.

80.    Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects in Breckenridge County, Kentucky in the years 2010 to 2011.

81.    Plaintiff Miller performed work in Breckenridge County as a Class A Operating Engineer on a public works project for Defendant Lamar Construction.  Miller operated a crane with at least 150 feet of boom.

14

82.     The prevailing wage in Breckenridge County for Class A Operating Engineer such as Plaintiff Miller was twenty-seven dollars sixty-five cents ($27.65) as the base rate with an additional thirteen dollars ($13.00) that could be paid as fringe benefits under K.R.S. § 337.505(2).

83.     Miller was not paid the prevailing wages for work performed for Defendants on public works in Breckenridge County in violation of KRS 337.

84.     Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects in Wolfe County, Kentucky in the years 2010 to 2011.

85.     Plaintiff Miller performed work in Wolfe County as a Class A Operating Engineer on a public works project for Defendant Lamar Construction.  Miller operated a crane with at least 150 feet of boom.

86.     The prevailing wage in Wolfe County for Class A Operating Engineer such as Plaintiff Miller was twenty-one dollars ($21.00) as the base rate with an additional nine  dollars and sixty-five cents ($9.65) that could be paid as fringe benefits under K.R.S. § 337.505(2).

87.     Miller was not paid the prevailing wages for all work performed for Defendants on public works in Wolfe County in violation of KRS 337.

88.     Defendant Lamar Construction was the successful bidder, or contracted to perform services for the successful bidder on public works projects in Letcher County, Kentucky in the years 2010 to 2011.

89.     Plaintiff Miller performed work in Letcher County as a Class A Operating Engineer on a public works project for Defendant Lamar Construction.  Miller operated a crane with at least 150 feet of boom.

90.     The prevailing wage in Letcher County for Class A Operating Engineer such as Plaintiff Miller was twenty-one dollars ($21.00) as the base rate with an additional nine dollars and sixty-five cents ($9.65) that could be paid as fringe benefits under K.R.S. § 337.505(2).

91.     Miller was not paid the prevailing wages for all work performed for Defendants on public works in Letcher County in violation of KRS 337.

**D.      Failure To Provide Paid Rest Breaks Under K.R.S. § 337.365.**

92.     Miller served under several of the Employer Defendants' supervisors, including Thomas Sisk and Darin DeShane.

Supervisor DeShane, Miller's supervisor on over seventy percent of his work in Kentucky, did not afford Miller with the required, paid ten-minute rest period for every four hours of work each day.

## COLLECTIVE ACTION ALLEGATIONS

Plaintiff brings his FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of the following opt-in class:

> All current and  former hourly employees of Lamar
> Construction Company who worked in Ohio, Kentucky,
> Indiana, and Michigan whose pay for hours in excess of
> 40 per workweek (overtime hours) did not apply the
> weighted average of their respective wage rates to all
> overtime hours worked or regarded as worked.

93.     The Plaintiff is similarly situated to  all current and former employees of Lamar Construction Company employees working in Ohio, Kentucky, Indiana, and Michigan who were paid at differing wage rates each week but who were not paid overtime compensation for all overtime hours worked using the weighted average of each wage rate.

16

94.     The Plaintiff seeks to represent a class of all current and former hourly employees

working for Employer Defendants in Kentucky during the preceding three-year period.

## CLASS ACTION ALLEGATIONS

Plaintiffs bring this cause of action under Rule 23 of the Federal Rules of Civil

Procedure, on behalf of themselves and a class of persons consisting of:

> All current and former hourly employees of Lamar
> Construction Company who worked in Kentucky whose
> pay for hours in excess of 40 per workweek (overtime
> hours) did not apply the weighted average of their
> respective wage rates to all overtime hours worked or
> regarded as worked. ("Kentucky Class").

95.     The persons in the Kentucky Class identified above are so numerous that joinder

of all members is impracticable.

96.     Although the precise number of such persons is not known to Plaintiffs, upon

information and belief, the size of the Kentucky Class exceeds 50 workers.

97.     There are questions of law and fact common to the Kentucky Class, which include

but are not limited to:

a.  Whether Plaintiffs and the Kentucky Class are entitled to overtime pay pursuant to

K.R.S. § 337.285 using the weighted average of each employee's weekly wage rates

for all hours worked, or regarded as worked, in excess of 40 hours per workweek

under federal and state law;

b.  Whether the Employer Defendants' policy of failing to pay overtime pay was based on

Defendants' good faith and reasonable grounds.

17

    c.   Whether the Employer Defendants' policy of failing to pay overtime was instituted willfully or with reckless disregard of the law;

    d.   Whether the Employer Defendants correctly calculated and compensated the Plaintiffs and the Kentucky Class for hours worked, or regarded as worked, in excess of 40 per workweek.

    98.     The claims of the Plaintiff are typical of the claims of the Kentucky Class they seek to represent. The Plaintiff and the Kentucky Class members work or have worked for Employer Defendants and have been subjected to a pattern and practice of failing to use the weighted average of each employee's weekly wage rates for hours worked in excess of 40 hours per workweek when calculating their overtime pay.

    99.     The Plaintiff will fairly and adequately represent and protect the interests of the Kentucky Class.

    a.   The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Kentucky Class to represent its interests fairly and adequately.

    b.   The Plaintiff recognizes that as class representatives, he must represent and consider the interests of the Kentucky Class just as they would represent and consider their own interests.

    c.   The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Kentucky Class.

    d.   The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Kentucky Class.

e.  The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

100.    The Plaintiff has retained counsel competent and experienced in complex employment class actions.

101.    The Plaintiff seeks to represent a class of all current and former hourly employees by Defendants during the preceding five-year period.

102.    This case is properly maintainable under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Kentucky Class predominate over questions affecting individual members of the Kentucky class and  because a class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

## FIRST CAUSEOFACTION

### *(Fair Labor Standards Act Claims)*

103.    Plaintiffs incorporate by reference paragraphs 1 through 102 of this Complaint as though fully set forth here.

104.    The FLSA requires that employees receive overtime compensation  for hours worked in excess of 40 per workweek.  29 U.S.C. §207(a)(1).

105.    Employer Defendants have  intentionally failed to pay the employees' required overtime compensation for hours worked, or regarded as worked, in excess of 40 per workweek.

106.    By the acts and conduct described above, Employer Defendants have violated and are in violation of 29 U.S.C. §207(a)(1).

107.    Defendants' conduct in failing to pay required overtime was willful and/or in reckless disregard of the rights of Plaintiffs and those similarly situated.

## SECOND CAUSE OF ACTION

### *(Kentucky Overtime Claims)*

108.    Plaintiffs incorporate by reference paragraphs 1 – 107 of this Complaint as though fully set forth here.

109.    Defendants failed to pay overtime wages to the Plaintiffs and the class in violation of Kentucky Revised Statutes K.R.S. § 337.285.

110.    Defendants' failure to comply with Kentucky overtime protections caused Plaintiffs and the class to suffer loss of wages and interest thereon.

## THIRD CAUSE OF ACTION

### *(Kentucky Paid Rest Break Claim of Gary Miller)*

111.    Plaintiff Miller incorporates by reference paragraphs 1 - 110 of this Complaint as though fully set forth here.

112.    Plaintiff Miller regularly performed work at job sites throughout Kentucky for supervisors and representatives of the Employer Defendants who violated the requirement set out in K.R.S. § 337.365 that their employees, like Miller, not work without a rest period of at least ten minutes during each four hours worked, without reduction in pay.

20

113.   Plaintiffs bring this cause of action under K.R.S. §§ 337.355, 337.365, and 446.070.


### FOURTH CAUSE OF ACTION

*(Kentucky Prevailing Wage Claim of Gary Miller, K.R.S. § 337.060)*

114.   Plaintiff Miller incorporates by reference paragraphs 1 - 113 of this Complaint as though fully set forth here.

115.   In violation of K.R.S. § 337.060, Defendant Lamar Construction  knowingly, unreasonably and without good faith withheld Plaintiff Miller's wages, including fringe benefits, as set by the determinations for the public works projects in the Commonwealth of Kentucky including, but not limited to those listed in paragraphs 43 - 85.

116.   A cause of action for the Defendant's violation of K.R.S.  § 336.700 exists pursuant to K.R.S. § 446.070, which provides that a person injured by the violation of any statute may recover from the offender such damages as he or she sustained by reason of the violation although a penalty or forfeiture is imposed for such violation.


### FIFTH CAUSE OF ACTION

*(Kentucky Prevailing Wage Claim of Gary Miller, K.R.S. § 337.530)*

117.   Plaintiff Miller incorporates by reference paragraphs 1 - 116 of this Complaint as though fully set forth here.

118.   Defendant Lamar Construction failed to pay or ensure Plaintiff Miller was paid the prevailing wage on the projects listed in the determinations for public works projects including

21

but not limited to those listed in paragraphs 43 - 85  and incorporated into every contract and subcontract in violation of K.R.S. § 337.530.

## SIXTH CAUSE OF ACTION

*(Kentucky Prevailing Wage Claim of Gary Miller, K.R.S. § 337.540)*

119.    Plaintiff Miller incorporates by reference paragraphs 1 - 118 of this Complaint as though fully set forth here.

120.    Defendant Lamar Construction failed to pay or ensure Plaintiff Miller was paid the prevailing wage on the projects listed in the determinations for public works projects including but not limited to those listed in paragraphs 43 - 85 and incorporated into every contract and subcontract in violation of K.R.S.  § 337.540.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on behalf of all members of the FLSA collective action prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b) and tolling the statute of limitations on the claims of all members of the FLSA Opt-In Class from the date this complaint was filed until the class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

B. An order requiring Defendants to disclose in computer readable format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals;

22

C. Designation of Plaintiff as Representative of the FLSA Collective;

D. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

E. A declaratory judgment that Defendants willfully violated the FLSA;

F. A judgment in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Plaintiffs' FLSA claims and awarding each of them the amount of his/her unpaid wages and overtime wages, along with an equal amount as liquidated damages, the costs of this action, reasonable attorney's fees with regard to their claims under the FLSA, and pre- and post-judgment interest, as provided by law; and

G. Grant such other and further legal and equitable relief as this Court may deem just and proper.

WHEREFORE, Plaintiff on his own behalf and on behalf of all members of the Kentucky Class prays for relief as follows:

A.      Certification of this action as an opt-out class action on behalf of the class;

B.      Designation of Plaintiff as Class Representative;

C.      Designation of Plaintiff's counsel as Counsel for the class;

D.      An award of damages;

E.      A declaratory judgment that Employer Defendants failed to pay the required overtime wages;

F.      A judgment in favor of Plaintiff and the State Class and against Employer Defendants and awarding them the overtime pay due under K.R.S. § 337.285 and related remedial provisions, pre-judgment and Post-judgment interest, as provided by law, and attorneys' fees pursuant to K.R.S. § 337.385;

G.      Such other injunctive and equitable relief as the Court may deem just and proper; and

H.      Costs.

WHEREFORE, Plaintiff on his own behalf prays for relief as follows:

A. That the Defendants pay Plaintiff Miller's unpaid wages and fringe benefits due under K.R.S.§§ 337.385 and K.R.S. 337.550;

B. That the Defendant Lamar Construction be ordered to pay pursuant to K.R.S. § 337.385 an amount equal to the total amount of unpaid wages as liquidated damages for knowingly, unreasonably and without a good faith reason engaging in unlawful conduct under K.R.S. § 337.060;

C. That the Defendant Lamar Construction be judged and declared in violation of K.R.S. § 336.700, K.R.S. §337.060 and K.R.S. § 337.530;

D. That the Plaintiff Miller be awarded costs and attorneys' fees under K.R.S. § 337.385;

E. That Defendant Lamar Construction be judged and declared in violation of the paid rest break statute, K.R.S.§ 337.365, and that the Defendant Lamar Construction be ordered to pay an amount equal to the actual damages suffered by Plaintiff Miller as a result of the paid rest break statute violations;

F. Any other relief the Court deems just and proper.

Dated: November 21, 2012          Respectfully submitted,

By:_____

Brennan Grayson (KBA # 94073)
KIRCHER SUETHOLZ & GRAYSON, LPA
Second National Bank Building
830 Main Street, Suite 830
Cincinnati, Ohio 45202
Telephone: (513) 381-2224

Facsimile: (513) 381-2225
Email: brennan.grayson@gmail.com

## VERIFICATION

I, GARY MILLER, state that the statements and allegations contained in the foregoing Verified Complaint are true to the best of my knowledge and belief.

_____
GARY MILLER

COMMONWEALTH OF KENTUCKY     )
                             )
COUNTY OF _Woodford_         )

Subscribed, sworn to and acknowledged before me by GARY MILLER on this the _19th_ day of October, 2012.

_____
NOTARY PUBLIC, STATE-AT-LARGE

My Commission expires: _10-18-15_

26